

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CV 3491

| | |
|---|---|
| BURBERRY LIMITED and BURBERRY GROUP PLC <br><br> Plaintiffs, <br><br> v. <br><br> BOGART, LLC <br><br> Defendant. | Civil Action No.: <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT, TRADEMARK NON-DILUTION AND FOR NON-INFRINGEMENT OF ANY RIGHT OF PUBLICITY**

Plaintiffs Burberry Group PLC and Burberry Limited (hereinafter "Plaintiffs" or "Burberry"), by and through their attorneys of record, complaining of defendant Bogart, LLC ("Bogart" or "Defendant"), allege as follows:

## STATEMENT OF THE CASE

1. Plaintiffs bring this action for a judgment declaring that their use of or reference to Humphrey Bogart's name, image, likeness, voice, celebrity identity and trademarks related to the late Humphrey Bogart in connection with Plaintiffs' heritage and history on various social media platforms do not infringe Defendant's trademark rights and/or rights of publicity. This action arises out of repeated allegations by the Defendant that Plaintiffs infringe one or more of Defendant's trademarks and Defendant's ownership of publicity rights related to the late Humphrey Bogart.

## JURISDICTION AND VENUE

2. This is an action for, *inter alia*, declaratory relief under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. This Court has subject matter jurisdiction over Plaintiffs' declaratory judgment claim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, and pursuant to 15 U.S.C. § 1121. This Court has supplemental jurisdiction for Plaintiffs' claims for non-infringement of right of publicity, no unjust enrichment and no quantum meruit pursuant to 28 U.S.C. 1367(a) because these claims is so related to the federal claims brought herein as to form part of the same case or controversy.

3. Upon information and belief, this Court has personal jurisdiction over Defendant because it regularly conducts business within the state of New York and this judicial district.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## THE PARTIES

5. Plaintiff Burberry Group, PLC is a corporation duly organized and existing under the laws of the United Kingdom with an office and principal place of business at Horseferry House, Horseferry Road, London SW1P 2AW, United Kingdom.

6. Plaintiff Burberry Limited is a New York corporation with an office and principal place of business at 444 Madison Avenue, New York, New York 10022.

7. Upon information and belief, defendant Bogart, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Pasadena, California.

8. Upon information and belief, Defendant is aware that Plaintiff Burberry Limited is located in this judicial district and purposefully directed its conduct at issue in this case at Plaintiffs in this judicial district.

## FACTS COMMON TO ALL COUNTS

9. Burberry is a global luxury brand with a distinctive British sensibility and strong international recognition. The Company designs and sources apparel and accessories distributed through a diversified network of retail, wholesale and licensing channels worldwide. Burberry's corporate heritage is rooted in Hampshire, United Kingdom, where its predecessor in interest, Mr. Thomas Burberry, first opened an outfitters shop in 1856. While Burberry was first famous for its iconic outerwear heritage and world famous Burberry Check trademark, since its founding, Burberry has been synonymous with quality, innovation and style and has become the leading British luxury brand globally.

10. In early 2012, Burberry launched a historical timeline depicting the evolution of Burberry's culture, products and people. This historical timeline was made available by Burberry on the Facebook social networking platform. Images and portions of Burberry's history found in the historical timeline were also distributed by Burberry through various social media sites, including Twitter and Instagram.

11. Burberry's timeline provides an interesting and historical summary of its evolution beginning with an image of the first Burberry store in 1856. Visitors to the timeline are able to view pieces of Burberry's history such as "The Burberry Plane" landing in 1937 and images of pilots from the 1910s wearing Burberry aviator suits.

12. Burberry's timeline included an image of Humphrey Bogart from 1942 wearing a Burberry trench coat from the final scene of the motion picture, "Casablanca." In connection with this image, Burberry included the following description: Humphrey Bogart wearing a Burberry trench coat in the final scene of Casablanca (1942).

13. Burberry licensed this image of Humphrey Bogart from Corbis for editorial use.

14. Burberry's use of this photo and description were intended to reflect on the long history, significance and influence of Burberry fashion in society.

15. Burberry's use of the image of Humphrey Bogart from "Casablanca" within its historical timeline was not directly connected to the sale of any merchandise, but rather was a historical positioning of the image within an educational project along with numerous other photographs of people wearing Burberry apparel over the last century.

16. On April 10, 2012, Defendant Bogart, LLC contacted Burberry indicating that it exclusively owns and controls the name, image, likeness, voice and celebrity identity of the late Humphrey Bogart (the "Bogart Publicity Rights") and numerous federal, international and common law trademarks related to the late Humphrey Bogart, including the name and trademarks "HUMPHREY BOGART" and "BOGART" (the "Bogart Trademarks"). Defendant also indicated that Burberry's use of the Bogart Publicity Rights and the Bogart Trademarks implies an endorsement by or affiliation with Humphrey Bogart and Defendant, and constitutes misappropriation, false association and dilution of Defendant's intellectual property rights. Defendant also demanded, among other things, that Burberry cease and desist from all commercial uses of the name, image, likeness and celebrity identity of the late Humphrey Bogart.

17. Thereafter, Defendant contacted Plaintiffs on at least two additional occasions regarding the same rights and demands and made a significant monetary demand.

18. Defendant's repeated assertion of its alleged rights against Burberry, its repeated assertions that Burberry's historical timeline exposes Burberry to liability for trademark infringement, trademark dilution, violation of Defendant's right of publicity, unjust enrichment and quantum meruit, and its repeated monetary demands have created an actual, substantial and

justiciable controversy between Burberry and Defendant within the meaning of 28 U.S.C. §§ 1331, 1338, 2201 and 2202, concerning Defendants' purported rights in the Bogart Trademarks and the Bogart Publicity Rights.

19. This Court's determination of the issues presented by the actual controversy between Plaintiffs and Defendant will afford relief from the uncertainty, insecurity and controversy with respect to the rights, status and legal relations between the parties. A declaration of the parties' respective rights will settle the conflicting and disputed claims of the parties and will afford them the security of knowing precisely the respective rights that each possess. Declaratory relief is equitable, necessary and proper under the circumstances presented by this case.

## FIRST CLAIM FOR RELIEF
(Declaratory Judgment of Non-Infringement)
[15 U.S.C. § 1125(a)]

20. Burberry incorporates all prior allegations as if set forth fully herein.

21. Defendant has repeatedly claimed that it possesses protectable trademark rights in the Bogart Trademarks and that Plaintiffs' use of the Bogart Trademarks in connection with Burberry's historical timeline implies an endorsement or affiliation with Humphrey Bogart or Defendant.

22. Burberry asserts that its use of Humphrey Bogart's name, image, likeness, celebrity identity and the Bogart Trademarks is a lawful use that is not infringing Defendant's claimed rights in any way, is not an infringing use of Defendant's purported right in the Bogart Trademarks, and is squarely protected under the First Amendment to the United States Constitution.

23. Defendant is attempting to exert and assert against Burberry rights which it does not possess and rights that are beyond the bounds of its rights in the Bogart Trademarks in a manner that violates the basic rights of Burberry to tell the history of its brand through its historical timeline.

24. No representations as to Humphrey Bogart's or Defendant's endorsement, affiliation, connection, association, participation, sponsorship or approval of Burberry's historical timeline have been made by Burberry to the public.

25. No sufficient and adequate alternative means to the use of the Bogart Trademarks in Plaintiffs' historical timeline exist.

26. By reason of the existence of an actual and justiciable controversy, Burberry is entitled to a declaratory judgment that its use of the Bogart Trademarks does not infringe Defendant's claimed federal, international or common law rights in the Bogart Trademarks and do not violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### SECOND CLAIM FOR RELIEF
(Declaratory Judgment of Non-Dilution)
[15 U.S.C. § 1125(c)]

27. Burberry incorporates all prior allegations as if set forth fully herein.

28. Defendant has claimed that Burberry's use of the Bogart Trademarks has caused and will continue to cause dilution of the distinctive quality of the Bogart Trademarks by lessening and diluting their capacity to identify and distinguish the products and services associated with Defendant and/or Humphrey Bogart.

29. Burberry asserts that its use of Humphrey Bogart's name, image, likeness, celebrity identity and the Bogart Trademarks is a lawful use that is not infringing nor does it blur

or tarnish in any way Defendant's claimed rights in, among other things, the Bogart Trademarks and is squarely protected under the First Amendment to the United States Constitution.

30. Defendant is attempting to exert and assert against Burberry, through its allegations of blurring or tarnishment, rights which it does not possess and rights that are beyond the bounds of its rights in the Trademarks in a manner that violates the basic rights of Burberry to tell the history of its brand through its historical timeline.

31. No representations as to Humphrey Bogart's or Defendant's endorsement, affiliation, connection, association, participation, sponsorship or approval of Burberry's historical timeline have been made by Burberry to the public.

32. No sufficient and adequate alternative means to the use of the Bogart Trademarks in Plaintiffs' historical timeline exist.

33. By reason of the existence of an actual and justiciable controversy, Burberry is entitled to a declaratory judgment that its use of the Bogart Trademarks do not violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

### THIRD CLAIM FOR RELIEF
**(Declaratory Judgment for Non-Infringement of Defendant's Right of Publicity)**

34. Burberry incorporates all prior allegations as if set forth fully herein.

35. Defendant has claimed that Burberry's alleged use of Humphrey Bogart's name, identity and persona constitutes a willful and intentional infringement of the Bogart Publicity Rights.

36. Burberry has not made any representation to the public as to Humphrey Bogart's endorsement, affiliation, connection, association, participation, sponsorship or approval of Burberry. Instead, any reference to Humphrey Bogart by Burberry has been purely factual and

historical in connection with a historical timeline and no sufficient and adequate alternative means to reference Humphrey Bogart exists.

37. Burberry asserts that it makes no use of Humphrey Bogart's name, image, persona, likeness and/or celebrity identity that infringes any of Defendant's claimed rights in any way, including Defendant's statutory right of publicity under New York Civil Rights Law § 51, California Civil Code § 3344.1, or any other law of a state in the United States.

38. Any reference to Humphrey Bogart by Burberry is squarely protected under the First Amendment to the United States Constitution.

39. By reason of the existence of an actual or justiciable controversy, Burberry is entitled to a declaratory judgment that its use of or reference to Humphrey Bogart's name, image, likeness and/or celebrity identity in connection with its historical timeline do not violate Defendant's statutory right of publicity provided by New York Civil Rights Law § 51, California Civil Code § 3344.1, or any other law of a state in the United States.

## FOURTH CLAIM FOR RELIEF
(Declaratory Judgment of No Unjust Enrichment)

40. Burberry incorporates all prior allegations as if set forth fully herein.

41. Defendant has claimed the Burberry has unjustly enriched by the acts as described above.

42. Burberry asserts that Burberry has not been unjustly enriched by the actions described above.

43. By reason of the existence of an actual or justiciable controversy, Burberry is entitled to a declaratory judgment that it has not been unjustly enriched by the use of or reference to Humphrey Bogart's name, image, likeness and/or celebrity identity in connection with its

8

historical timeline under the common law of New York, or any other law of a state in the United States.

### FIFTH CLAIM FOR RELIEF
(Declaratory Judgment of No Quantum Meruit)

44. Burberry incorporates all prior allegations as if set forth fully herein.

45. Defendant has claimed that Burberry is entitled to monetary compensation by Burberry for the acts as described above.

46. Burberry asserts that Burberry lawfully referenced Humphrey Bogart's name, image, likeness and/or celebrity identity in connection with its historical timeline and is thus not obligated to pay Defendant any fees or compensation in connection therewith.

47. By reason of the existence of an actual or justiciable controversy, Burberry is entitled to a declaratory judgment that it is not liable on a quantum meruit basis by the use of or reference to Humphrey Bogart's name, image, likeness and/or celebrity identity in connection with its historical timeline under the common law of New York, or any other law of a state in the United States.

### PRAYER FOR RELIEF

**WHEREFORE**, Burberry requests judgment against the Defendant as follows:

A. Declaring that Burberry's use of or reference to Humphrey Bogart's name, image, likeness, voice, celebrity identity and trademarks related to the late Humphrey Bogart, including the name and trademarks "HUMPHREY BOGART" and "BOGART," in connection with its historical timeline do not:

(1) Infringe Defendant's registered or unregistered Trademarks;

(2) Violate any provision in Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

  (3)  Violate any provision of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

  (4)  Violate any provision in New York Civil Rights Law § 51.

  (5)  Violate any provision in California Civil Code § 3344.1.

  (6)  Violate any other federal or state law.

  B.  Declaring that Burberry has the right to proceed with the use of or reference to Humphrey Bogart's name, image, likeness, voice, celebrity identity and trademarks related to the late Humphrey Bogart in connection with Plaintiffs' historical timeline through any and all social media platforms;

  C.  Awarding damages, including treble damages, in an amount to be determined at trial;

  D.  Awarding costs of suit herein and reasonable attorneys' fees; and

  E.  Awarding to Burberry such other and further relief as the Court may deem just and proper, together with the costs and disbursements which Burberry has incurred in connection with this action.

## JURY DEMAND

Burberry demands a trial by jury on all issues so triable.

STEPTOE & JOHNSON LLP

By: _____
Michael J. Allan
Evan Glassman
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900

*Attorneys for Burberry Limited and Burberry Group PLC*

**Of Counsel**

Anthony M. Keats
David K. Caplan
Tara D. Rose
KEATS MCFARLAND & WILSON LLP
9720 Wilshire Boulevard
Beverly Hills, California 90212
(310) 248-3830

Dated: May 2, 2012